IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| GREENLINE COMMUNITY GROWTH FUND, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>KLAUSNER HOLDING USA, INC., a Georgia corporation,<br><br>Defendant. | CASE NO.: 4:20-cv-2244-RBH<br><br><br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT** |

This matter is before the Court on Plaintiff Greenline Community Growth Fund, LLC's ("Plaintiff") Motion for Default Judgment. (ECF No. 13). After reviewing the pleadings and Plaintiff's Motion for Default Judgment and accompanying affidavit, the Court finds Plaintiff is entitled to Default Judgment against Defendant Klausner Holdings USA, Inc. ("Defendant") pursuant to Fed. R. Civ. P. 55(b)(1) and GRANTS Plaintiff's motion.

## LEGAL STANDARD

Federal Rule of Civil Procedure 55(b)(1) states, "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk – on the plaintiff's request, with an affidavit showing the amount due – must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person." Fed. R. Civ. P. 55(b)(1).

## DISCUSSION

Plaintiff has alleged the following facts. Plaintiff is a limited liability corporation, incorporated in the state of Delaware with its principal place of business located in Denver,

Colorado. Defendant is a Georgia corporation with its principal place of business in Myrtle Beach, SC. On June 12, 2020, Plaintiff filed the Complaint in this Court. (ECF No. 1). On June 19, 2020, Plaintiff served Defendant via certified mail with a copy of the Summons and Complaint, as evidenced by the Affidavit of Service filed in this action on September 17, 2020. (ECF No. 6). Defendant failed to file an Answer or any other responsive pleading in this matter.

On September 18, 2020, Plaintiff filed a Request for Entry of Default. (ECF No. 7). On September 21, 2020, this Court issued a Text Order requesting a memorandum in support of the Request for Entry of Default in light of the U.S. Postal Service's COVID practices related to the signed certificate of receipt. (ECF No. 8). On September 25, 2020, Plaintiff filed its Memorandum in Support of Proper Service of Process on Defendant. (ECF No. 10). On September 29, 2020, this Court issued a Text Order (ECF No. 11) acknowledging valid service on Defendant, and the Clerk of Court made an Entry of Default. (ECF No. 12).

The allegations of the Complaint are verified and sworn to by J. Nathan Perry, the Managing Member of Plaintiff, as set forth in Perry's Affidavit attached to Plaintiff's Motion for Default Judgment as <u>Exhibit A</u>. On July 30, 2018, Plaintiff entered into an Equity Warrant Agreement ("Warrant Agreement") with Defendant as part of a federal new market tax credit ("NMTC") financing structure to facilitate the development of a lumber mill located in Halifax County, North Carolina. The undisputed allegations of the Complaint establish that Defendant materially breached the terms of the Warrant Agreement and Loan Documents, as defined in the Complaint. Section 14(c) of the Warrant Agreement provides that upon a material breach or material event of default with respect to any loan document, "the maximum Warrant retirement price of $5,000,000 plus any accrued and unpaid Warrant Payments *shall be immediately due and payable to [Plaintiff]*."  (*See* ECF No.1-4, Warrant §14(c) (emphasis added)).

3

Plaintiff is entitled to an award of prejudgment interest to be applied to the ascertainable damages set forth herein. State law governs an award of prejudgment interest in a diversity action. *Liberty Mut. Ins. Co. v. Employee Resource Management, Inc.,* 176 F.Supp.2d 510, 540 (D.S.C. 2001). South Carolina law allows prejudgment interest on "obligations to pay money from the time when, either by agreement of the parties or operation of law, payment is demandable, if the sum due is certain or capable of being reduced to certainty." *Id*.  *see also* S.C. Code Ann. § 34–31–20(A). Defendant is justly indebted to Plaintiff in the total amount of **$5,925,244.01**, as evidenced by the Affidavit of J. Nathan Perry.  *See* Exhibit A to Plaintiff's Motion for Default Judgment.

Therefore, based on Plaintiff's affidavit in support its motion, the Court concludes that default judgment for a sum certain under Rule 55(b)(1) is warranted. It is therefore ORDERED that Plaintiff's Motion for Default Judgment is **GRANTED.** The Clerk of Court is directed to enter default judgment against Defendant in the amount of  $5,925,244.01.

**IT IS SO ORDERED**.

| | |
|---|---|
| January 29, 2021 | s/R. Bryan Harwell |
| Florence, South Carolina | R. Bryan Harwell |
| | Chief United States District Judge |