UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| GREENLINE COMMUNITY GROWTH FUND, LLC, a Delaware limited liability company,<br><br>    Plaintiff,<br><br>    -vs-<br><br>KLAUSNER HOLDING USA, INC., a Georgia corporation,<br><br>    Defendant. | Civil Action No. 4:20-cv-2244-RBH<br><br>**ORDER FOR SUPPLEMENTARY PROCEEDINGS AND NOTICE OF HEARING** |

Presently before the Court is Plaintiff's Motion for Supplementary Proceedings (ECF No. 20), referred to the undersigned pursuant to 28 U.S.C. 636(b)(1)(A) and (B). On January 29, 2021, the Court entered default judgment against Defendant in the amount of $5,925,244.01. See ECF Nos. 14 & 15. On September 14, 2021, Plaintiff filed an Application for Writ of Execution, which was issued by the Clerk of Court on September 15, 2021. See ECF Nos. 16 & 17. The Writ of Execution was returned by the United States Marshal Service as unexecuted on September 24, 2021. See ECF No. 19. Plaintiff filed the present motion on September 29, 2021.[1]

---

[1] On October 18, 2021, the undersigned entered a text order directing Plaintiff to notify the court whether Defendant is a party to the bankruptcy action mentioned in Plaintiff's memorandum in support of its motion or is otherwise protected by any automatic stay required under the Bankruptcy Code. Plaintiff verified that Defendant is not a party to the bankruptcy proceeding. See ECF No. 26. Rather, the plaintiff in the bankruptcy proceeding is Klausner Lumber Two, LLC (KL2). KL2 is wholly owned by Defendant, but Defendant itself has not filed bankruptcy nor is it a debtor in the bankruptcy action and, thus, is not subject to the automatic stay provisions of § 362(a) of the bankruptcy code. See, e.g., CresCom Bank v. Terry, 499 B.R. 494, 496 (Bankr. D.S.C. 2013) (citing Credit Alliance Corp. v. Williams, 851 F.2d 119, 121 (4th Cir, 1988)) ("The automatic stay provision applies to judicial proceedings and enforcement of judgments against only the debtor, not third-party defendants or co-defendants.").

-2-

Because the writ of execution was returned unsatisfied, Plaintiff is entitled to supplementary proceedings[2] requiring Defendant to appear before this Court for the purpose of discovering property that is not exempt from execution to be applied toward satisfaction of the judgment entered against it in this case. See S.C. Code Ann. § 15-39-310.

Plaintiff's Motion for Supplementary Proceedings (ECF No. 20) is **GRANTED** pursuant to Federal Rule of Civil Procedure 69(a) and S.C. Code Ann. §§ 15-39-310, and **Defendant Klausner Holding USA, Inc. is directed to appear before the undersigned on July 14, 2022, at 11:00 a.m. in Courtroom # 3, McMillan Federal Building, 401 W. Evans St., Florence, South Carolina**, to testify under oath concerning all non-exempt assets that may be used to satisfy the outstanding judgment in this action.[3] Pursuant to S.C. Code Ann. § 15-39-440, Defendant is restrained and enjoined from making any transfer or other disposition of the property not exempt by law from execution.

Due to the fact that Defendant is procedurally in default, the Court ORDERS notice of this hearing is provided to Defendant in the following ways:

1. By this Notice of Hearing and the corresponding ECF entry on the case docket;

2. By Plaintiff mailing this Notice of Hearing to Defendant's last known address[4] in Myrtle Beach, South Carolina:

---

[2] Supplementary proceedings encompass a variety of types of relief. See Travelers Indem. Co. of Ill. v. Hash Mgmt., Inc., 173 F.R.D. 150, 152 (M.D.N.C. 1997) ("Supplementary proceedings in aid of judgment enforcement include garnishment, arrest, mandamus, contempt, appointment of a receiver, and discovery proceedings.").

[3] See S.C. Code Ann. § 15-39-400; Fed.R.Civ.P. 69(a)(2). Also, a party who fails to appear as ordered may be subject to sanctions. See S.C. Code Ann. § 15-39-490.

[4] Service of the summons and complaint was performed upon Defendant's registered agent. It appears the registered agent resigned December 3, 2020. From the record, it appears that Defendant's last known address is 1297 Professional Drive, Suite 202, Myrtle Beach, SC 29577.

      **Klausner Holding USA, Inc.**
      **c/o Klausner Lumber Two LLC**
      **1297 Professional Drive, Suite 202**
      **Myrtle Beach, SC 29577**

3.     By Plaintiff mailing and e-mailing this Notice of Hearing to counsel, who does not represent Defendant in this action, but who upon information and belief represents Defendant as a creditor in the Chapter 11 Bankruptcy proceedings for Klausner Lumber Two, LLC currently pending in the U.S. Bankruptcy Court in the District of Delaware (Case No.: 20-11518 (KBO)) and has communicated with counsel for Plaintiff about this matter:

      **Walter W. Gouldsbury III, Esq.**
      **Ciardi Ciardi & Astin**
      **52 Haddonfield-Berlin Road**
      **Suite 1000**
      **Cherry Hill, NJ 08034**
      **wgouldsbury@ciardilaw.com**

4.     By Plaintiff mailing and e-mailing this Notice of Hearing to any other domestic or foreign address(es) for Defendant or its principals identified and confirmed during the Chapter 11 Bankruptcy proceedings for Klausner Lumber Two, LLC currently pending in the U.S. Bankruptcy Court in the District of Delaware (Case No.: 20-11518 (KBO).

      **IT IS SO ORDERED**.


                                                            s/Thomas E. Rogers, III
                                                           United States Magistrate Judge

June 13, 2022
Florence, South Carolina