UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| GREENLINE COMMUNITY GROWTH FUND, LLC, a Delaware limited liability company, | ) Civil Action No. 4:20-cv-2244-RBH ) ) ) |
| Plaintiff, | ) ) **ORDER** |
| -vs- | ) ) |
| KLAUSNER HOLDING USA, INC., a Georgia corporation, | ) ) ) |
| Defendant. | ) ) |

The matter comes before the Court on Plaintiff Greenline Community Growth Fund, LLC's (Plaintiff) Motion for Supplementary Proceedings (ECF No. 20) in which Plaintiff seeks a Charging Order from this Court on Defendant Klausner Holding USA, Inc.'s (Defendant) membership interest in Klausner NMTC Leverage Company, LLC (Klausner NMTC). In support of Plaintiff's Motion, this Court has reviewed memoranda, affidavits, exhibits, and heard arguments of counsel in support of Plaintiff's request for the Charging Order. For the reasons set forth herein, Plaintiff's Motion is granted and this Court issues the Charging Order pursuant to the terms set forth herein.

On January 29, 2021, Plaintiff obtained a default judgment in this case against Defendant in the amount of $5,925,244.01, plus post-judgment interest pursuant to 28 U.S.C. § 1961. Plaintiff sought and received a Writ of Execution from the Clerk of Court for the total amount owed to Plaintiff. Thereafter, at Plaintiff's request, a Deputy United States Marshall attempted to execute the Writ but was unsuccessful. Plaintiff now seeks enforcement of that judgment.

In an effort to satisfy the judgment owed by Defendant, Plaintiff requests the issuance of a

charging order. At the July 14, 2022 hearing[1], Plaintiff introduced competent evidence that Klausner NMTC is a duly formed Delaware limited liability company and that Defendant is a member of Klausner NMTC. Specifically, Defendant has a 95% membership interest in Klausner NMTC. See Perry Affidavit (ECF No. 33-1). Furthermore, Plaintiff produced evidence that it is foreseeable that Klausner NMTC will make distributions to its members in the future.

Enforcement of a money judgment is governed by Federal Rule of Civil Procedure 69(a)(1). The procedure "on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located ..." Fed. R. Civ. P. 69(a)(1). Thus, South Carolina[2] law is applicable here on Plaintiff's request for a charging order. South Carolina's statute provides, "[o]n application by a judgment creditor of a member of a limited liability company or of a member's transferee, a court having jurisdiction may charge the distributional interest of the judgment debtor to satisfy the judgment." S.C. Code Ann. § 33-44-504(a).

After reviewing the evidence in the record and hearing arguments from Plaintiff's counsel,

---

[1] Defendant was provided notice of the hearing via four different avenues. See Order (ECF No. 29); Sumner Aff. ¶¶ 4-6 (ECF No. 32-1). No one made an appearance on behalf of Defendant at the hearing.

[2] Courts have held that it is not necessary for the court to have jurisdiction over the LLC in which the debtor holds a membership interest, here, Klausner NMTC, reasoning that a charging order "merely gives the judgment creditor the rights of an assignee of the member's interest in the limited liability company ... [and] an action seeking a charging order does not impact the rights or interests of a limited liability company to the degree necessary to require that it be made a party." See Rockstone Cap., LLC v. Mktg. Horizons, LTD, No. NNHCV065006818S, 2013 WL 4046597, at *2 (Conn. Super. Ct. July 17, 2013) (citing Cadle Co. v. Ginsburg, No. CV950076811S, 2002 WL 725500, at *1 (Conn. Super. Ct. Mar. 28, 2002); see also Mahalo Investments III, LLC v. First Citizens Bank & Trust Co., 330 Ga.App. 737, 743, 769 S.E.2d 154, 158–59 (2015) (holding that the LLC has no right or direct interest that is affected by the charging order; it is the judgment debtor who has the right to possession of LLC distributions in the future that is essentially being levied or charged). The court has previously established that it has jurisdiction over Defendant. See Order (ECF No. 14).

the Court finds Plaintiff is entitled to a Charging Order against Defendant's 95% membership interest in Klausner NMTC.  Pursuant to 28 U.S.C. § 1961, Plaintiff is entitled to post-judgment interest on the judgment at a rate of 0.10% per annum from its date until the date the judgment is paid. Post-judgment interest to date totals $10,913.28, which is calculated at a rate of $16.24 per day multiplied by 672 days from the date of entry of judgment to the day this Order is entered. Thus, the total amount of Plaintiff's judgment is $5,936,157.29 as of December 2, 2022, and post-judgment interest will continue to accrue until Plaintiff's judgment is satisfied in full. The judgment remains unsatisfied.

Now, therefore it is ORDERED by this Court that:

1. The interest of Defendant in Klausner NMTC is subjected to a Charging Order, which is a lien and encumbrance in favor of and for the benefit of Plaintiff; and

2. Klausner NMTC is hereby ordered and directed to pay to Plaintiff any and all profits and distributions which henceforth may be, or otherwise would have been due (including a share of any assets of Klausner NMTC), which payments shall continue until the full amount of the judgment in the amount of $5,936,157.29 plus additional post-judgment interest at a rate of $16.24 per day until this judgment is paid and satisfied.

**IT IS SO ORDERED.**

 s/Thomas E. Rogers, III  
Thomas E. Rogers  
United States Magistrate Judge

December 2, 2022  
Florence, South Carolina